89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Fulton HUMPHREY, Defendant-Appellant.
 No. 96-6079.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; DUGGAN, District Judge.*
 
 ORDER
 
 2
 Defendant, Robert Fulton Humphrey, appeals his judgment of conviction and sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) & (e). Humphrey argues that the district court improperly sentenced him under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Humphrey pleaded guilty to being a felon in possession of a firearm and ammunition pursuant to a negotiated plea agreement. Before sentencing, Humphrey objected to the pre-sentence investigation report because the reporting probation officer concluded that Humphrey should not receive a sentence reduction for acceptance of responsibility and because his prior convictions used to enhance his sentence were not "violent felonies" as defined by the Armed Career Criminal Act. The district court conducted a sentencing hearing and sentenced Humphrey to the mandatory minimum sentence of fifteen years in prison pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Humphrey appeals that judgment.
 
 
 4
 In his timely appeal, Humphrey argues that the district court erred in considering his previous state court convictions for the purpose of sentencing because he was not then mentally competent to plead guilty to those crimes.
 
 
 5
 The argument Humphrey asserts on appeal was not first raised in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). No exceptional circumstances are present in this case.
 
 
 6
 In addition, Humphrey is precluded from collaterally challenging his state court convictions on the ground that he was not mentally competent when he pleaded guilty to those crimes. Humphrey may challenge the constitutionality of his prior convictions only on the ground that he was completely denied his Sixth Amendment right to appointed counsel. See Custis v. United States, 114 S.Ct. 1732, 1738-39 (1994). The record reveals, and Humphrey concedes, that he was represented by counsel each and every time he pleaded guilty in state court. Thus, he cannot contend that any of his predicate convictions were obtained in complete violation of the Sixth Amendment right to appointed counsel.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation